UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

ANDREA SAMAYOA, individually and on behalf of all others similarly situated,

                Plaintiff,

   -against-

IMOBILE, LLC and IMOBILE USA, LLC

,
                Defendants.
------------------------------------------------------------------------- X

Case No.:
22-CV-03389 (AYS)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
*Attorneys for Defendants*

**PRELIMINARY STATEMENT**

Defendants iMobile LLC and iMobile USA LLC (the "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff Andrea Samayoa's ("Plaintiff") motion (the "Motion") for sanctions against Defendants, Kaufman Dolowich Voluck, LLP, Michael Kaufman, Esq. and Aaron Solomon, Esq.

Sanctions are *serious* and Courts exercise restraint and discretion when imposing them. Because they "can be economically punishing and professionally harmful," *Oliveri v. Thompson*, 803 F.2d. 1265, 1280 (2d Cir. 1986), *see also Schlaifer Nance & Co. v. Estate of Andy Warhol*, 194 F.3d 323, 333 (2d Cir.1999), it is *hornbook law* that sanctions under 28 U.S.C. 1927 and the Court's inherent powers can *only* be imposed when the offending party's claims were entirely meritless, *and* the party acted for improper purposes. *Benito v. East Hampton Family Medicine*, No. 18-CV-5275, 2020 WL 7481330 at *8 (E.D.N.Y. Dec. 17, 2020), *citing Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000)*. Such bad faith only exists where "actions *are so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose.*"* *Id.* quoting *Oliveri,* 803 F.2d at 1273 (emphasis in the original). Defendant's Counsel did not act improperly, and Plaintiff cannot satisfy this standard.

Plaintiff argues that sanctions are warranted because Defense Counsel purportedly rendered a judgment uncollectable by "delaying" both its approval and its enforcement after only a portion of the judgment was paid. However, the record is devoid of any facts establishing these contentions. In contrast, the record shows that after negotiating a settlement with Defendant, Plaintiff then failed to file an approval motion for a period of almost two months. After Defendant failed to make scheduled payments, Plaintiff again delayed taking timely action, this time by waiting to move to enforce the judgments.

1

Plaintiff's Counsel seeks to blame Defense Counsel for their delay, however, there was no delay occasioned by Defense Counsel. Plaintiff's Counsel had the power to file the required motions at their discretion. Plaintiff did not require Defense Counsel's approvals, and, instead, Plaintiff delayed on its own volition. Moreover, Defense Counsel did nothing to frustrate approval of the settlement, and the settlement approval motion was unopposed. No deadline under the Settlement Agreement was delayed, and Defense Counsel did nothing to derail the entry of a judgment.

Plaintiff's allegations of purported delays are pretextual. For example, Plaintiff derides Defense Counsel's request for a short adjournment of the most recent hearing, which was made after Defense Counsel was served with a notice for jury duty. Plaintiff opposed the request, however, and while there was some (not unusual) last minute agita among counsel, the hearing went forward as scheduled. Plaintiff also, complains that Attorney Kaufman did not respond to messages from Plaintiff's Counsel. This is a red herring. Attorney Solomon has been lead counsel in this case since inception and Attorney Kaufman, never entered an appearance in the action. Attorney Solomon was in regular communication with Plaintiff's counsel.

Plaintiff's contentions fail as a matter of fact and law, and the Motion should be denied.

## FACTUAL BACKGROUND

In 2022, the Parties entered into a Settlement Agreement (the "Agreement") to resolve the overtime claims of a nationwide collective of Store Managers ("SMs"). That agreement established a settlement fund of $640,000. *See* Declaration of Aaron N. Solomon (the "Solomon Dec."), **Ex A** at pg. 10. Defendants were to fund the agreement in installments. Checks would be issued to SMs. SMs do not release any claims against Defendants unless they cashed a settlement

check. Solomon Dec. **Ex A** at pg 13-14.  And Plaintiff's Counsel does not collect fees if the judgment is not paid.

Plaintiff received the executed Agreement and commenced this action in June 2022. Pursuant to the Agreement, Plaintiff was responsible for filing the unopposed motion for approval (the "Approval Motion").  Despite having the Agreement in hand for over a month, Plaintiff's Counsel waited until July 25, 2022, to file the Approval Motion.

Plaintiff claims that Defendants needed to appear in this action before the Approval Motion could be filed.  Nothing prevented Plaintiff from filing the Approval Motion prior to July 25, 2022. Plaintiff also claims that a conversation with Mr. Kaufman, Esq. was indispensable to allow this settlement to move forward.  This is nonsensical, Mr. Kaufman has been only tangentially involved in this litigation.   Mr. Solomon was handling the litigation and a conversation with Mr. Kaufman was not a prerequisite to approval.

Simply put, Plaintiff's Counsel could have moved for approval *the second* they received the Agreement.

After the Approval Motion was filed, the Court scheduled a hearing on October 24, 2022. Plaintiff then filed an "Order to Show Cause" to compel Defense Counsel to appear. *Dkt # 16* . This Court compelled Defense Counsel to appear and then properly denied the Order to Show Cause. *Dkt. #* 19, 20.  The alleged "failure to appear" did not affect the scheduling of the October 24, 2022, conference, or the timing of settlement approval.

On October 21, 2022, Defendants filed a motion to excuse their principal from attending the October 24, 2022 *Cheeks* conference, and *did not seek adjournment*.  Defendants argued that attendance of Defendants' principal was unnecessary because approval hearings (even those in large class actions) regularly proceed without the attendance of the parties.  At the conference on

3

October 24th, the Court told the parties that they could either attend an in person hearing on November 22, 2022, with clients present, slowing down approval, or consent to this Court's jurisdiction. Defendants consented to approval. *Dkt.* # 28. An approval order was issued less than a week later on October 31, 2022.

After approval, the Agreement's undelayable deadlines were activated. Defense Counsel provided a class list.[1] Defense Counsel assisted with Defendants payment of the first settlement installment ($40,000) even though a software hack caused the payment to be a few days late.

Defendants then represented that they could not fund the settlement and ultimately failed to make a payment under the Agreement. Plaintiff then requested a conference to address the default. *Dkt* # 34. A conference was scheduled for January 18, 2023. On January 12, 2023, Defendants advised that their principal was unavailable to attend the conference. *Dkt* # 35. Defense Counsel then argued to excuse Defendants' principal and offered Defendants' CFO to attend the hearing. instead of the owner who was out of state. *Dkt* # 37.

Defendants then acquiesced to a default. The Court granted leave to Plaintiffs to pursue default remedies, and the January 18, 2023, conference was cancelled. Plaintiff filed a motion for judgment. *Dkt* # 40. The Court scheduled a motion hearing for March 6, 2023.

Prior to this event, Defendants had not sought adjournment of any court date. On February 16, 2023, Defendants' Counsel, Aaron Solomon, received a jury summons with an appearance date of March 6, 2023. Solomon Dec at **Ex. C.** Mr. Solomon asked Plaintiff's Counsel for their consent to a brief adjournment. Solomon Dec. at ¶ 10. Plaintiff's Counsel was willing to advance the conference to any one of eight business days before March 6th but would not consent to adjourn

---

[1] Admittedly, the list information was provided two days late because Defendants said they needed a little extra time. Plaintiff claims that this delay was "entertaining" because Mr. Solomon advised Plaintiff's counsel that they would get the list if "they said please." This statement is taken out of context and only relays a portion of the communications See Solomon Dec at **Ex. F**.

4

it. *Id.* Mr. Solomon advised that, due to his schedule, he could not advance the conference. Solomon Dec. at ¶ 11. After unsuccessfully conferring with Plaintiff's counsel, Mr. Solomon sought an adjournment from the Court to a date as early as March 15, 2023.[2] Solomon Dec. at ¶ 12. Plaintiff then vehemently opposed the adjournment request and: 1) contended that Mr. Solomon was seeking the brief adjournment only to help Defendants avoid judgment, *Dkt.* # 47; 2) criticized Mr. Solomon's "failure" to advise that the jury summons was standby, Solomon Dec. at ¶ 14; *Dkt.* # 50.; and 3) scolded Mr. Solomon for attending to childcare before filing a letter about jury status on a Friday evening. Solomon Dec. at ¶¶ 15-19. In any event, *no adjournment occurred*. Plaintiff received a judgment and there was no prejudice.

Plaintiff wrongfully argues that Defendants did not "consent" to a judgment. That is not true. Defendants merely argued that a judgement should not be entered for payments that were not overdue and that Plaintiff incorrectly calculated interest. In so doing, Defense Counsel miscalculated the amount overdue. Defense Counsel promptly corrected this on the record. Solomon Dec. at ¶ 20.

Prior to the hearing Mr. Solomon unfortunately uttered boorish words to opposing counsel. Solomon Dec. ¶¶ 21-23. Mr. Solomon apologizes to counsel and the Court for his utterance.

## ARGUMENT

### A. The Legal Standard

The Court can issue sanctions under 28 U.S.C. § 1927 and the Court's inherent powers, but only in such circumstances as where a lawyer multiplies proceedings "unreasonably and vexatiously." 28 U.S.C. § 1927. *Huebner v. Midland Credit Mgmt., Inc.,* 897 F.3d 42, 55 (2d Cir. 2018) (attorney, whose actions were *wholly without merit,* was sanctioned under 28 U.S.C. § 1927

---

[2] Eight business days after March 6th.

where the attorney, amongst other things, moved to recuse the District Court Judge, changed legal theories in the midst of litigation, and "time and time again" filed letters exceeding page limits and in violation of Court protective orders). Sanctions are subject to a strict standard that requires Plaintiff to show that Defense Counsel's actions are *unequivocally meritless*. *See Oliveri,* 803 F.2d at 1273. Plaintiff does not come remotely close to satisfying this burden.

### B. Sanctions are not Warranted Because Defense Counsel Caused No Delay

Plaintiff's attempt to concoct sanctions because of Defense Counsel's alleged efforts to "delay" the settlement is false and fails. Plaintiff ignores well established precedent in *Oliveri, Reveson,* and even this Court's decision in *Benito.* Rather, Plaintiff seeks sanctions on the basis that Defense Counsel violated Plaintiff's unsupported, and self-serving interpretation of the Rules of Professional Conduct and the "Standards of Civility."

Plaintiff had *sole control* over when the Approval Motion was filed and Plaintiff's Counsel *waited.* Yet, Plaintiff's Counsel argues that they were "delayed" because they had to "chase" Mr. Kaufman and could not seek approval until Defense Counsel filed a Notice of Appearance. This is inaccurate and irrelevant. Mr. Kaufman had limited involvement in this case and after the case was settled in July 2022 had basically zero communication with Plaintiff's counsel. Mr. Shavitz's declaration annexes two text messages sent prior to the filing of the Approval Motion and an email chain about a call in August 2022 after the Approval Motion was filed. *Dkt #* 60 at pgs. 5-15. Mr. Solomon was handling the litigation of this case and was responsive to Plaintiff Counsel's communications. Mr. Kaufman never filed a Notice of Appearance in this case. *See* Solomon Dec. **Ex. B.** Mr. Shavitz's claim that he reached out to Mr. Kaufman "numerous times," even though he was not handling this matter, are not dispositive. In any event, Plaintiff fails to establish

6

why the lack of communications with Mr. Kaufman led to multiple hearings or motions. There is absolutely no reason to sanction the firm or Mr. Kaufman. *See Huebner,* 897 F.3d at 55.

The timing of the filing of Defense Counsel's Notice of Appearance is not an issue. Plaintiff filed the approval motion on July 25, 2022, before Defense Counsel appeared. The Court scheduled a *Cheeks* hearing on October 24, 2022. The *Cheeks* hearing date was not affected. Defense counsel timely appeared and there was no delay.

No sanctions can arise from Defendants' request to excuse their principal from the October 24, 2022, conference. Parties are regularly excluded from *Cheeks* hearings and Defense Counsel had a good faith basis for making the motion. Regardless, no adjournment was sought and the *Cheeks* conference went forward as scheduled by the Court.

At the *Cheeks* conference on October 24, 2022, the Court advised that approval could be accelerated if the parties stipulated to its jurisdiction. Defense Counsel stipulated thereby *speeding up the approval process*.

After the approval was granted on October 31st, the Agreement's deadlines began to run and Defense Counsel did not delay them. Indeed, prior to the default, Defense Counsel ensured that a class list was provided and Defendants made the first installment payment.

Defendants then failed to make the next payment and Plaintiff then *had* to pursue a default remedy. Defense Counsel did not cause the default and should not be blamed (and sanctioned) because Counsel's clients defaulted. Defense Counsel merely accepted Defendants' representation about their finances and, with respect to the January 18, 2023, conference, the unavailability of Defendants' principal. Defense Counsel had a good faith basis to seek excusal of the principal. The conference never occurred because Defendants acquiesced to the default and Plaintiff filed a motion for a judgment. As stated, there was no default caused by Defense Counsel.

7

Plaintiff seeks sanctions based on Defense Counsel's *request* for an eight-business day adjournment of the March 6, 2023, judgment motion hearing due to the receipt of a jury summons. As stated this adjournment never occurred. Defendants' brief *first-time* adjournment request due to the receipt of a "standby jury summons" is *not sanctionable* and maybe a misunderstanding based on Plaintiff's firm being based in Florida, New Yorkers are required to "actually attend" jury service for up to five days. N.Y. Jud. Law. § 525(a). Being on standby *is* "actual attendance" under the law N.Y. Jud. Law. § 525(a).

Defense Counsel's attending to the needs of his child on a Friday evening before advising the Court about his jury status further highlights the personal attack by Plaintiff's Counsel. Plaintiff's Counsel was advised that a letter would be filed as soon as Defense Counsel's children went to bed. Plaintiff's Counsel sent antagonistic texts expressing that this was "unbelievable" and threatening to seek judicial intervention. *See* Solomon Dec. at ¶¶ 15-19. Regardless, the March 6th conference proceeded *as scheduled*. Defense Counsel was not called for jury duty that day and there was *no prejudice* and *no delay*. The judgement was so ordered.

Defense Counsel did not do a single thing to delay Plaintiff's judgment[3]

Plaintiff's Counsel knows that there was no delay and is now arguing to *sanction* Defense Counsel for "opposing the judgment" (in a letter dated March 4, 2023) two days before the hearing. In that letter, Defense Counsel mistakenly miscalculated the amount outstanding and that no judgement could be entered for payments that were not overdue. At the conference on March 6, 2023, Defense Counsel immediately corrected the miscalculation. As this Court held in *Rozz v. Town of Hempstead,* No. 20-CV-1812, 2021 WL 4463619 (E.D.N.Y. Feb. 22, 2021), a small

---

[3] Plaintiff's Counsel complains that Defense Counsel "multiplied proceedings" because they had to file "motions" and "attend conferences." But this only happened because of the default. Plaintiff did not need to file any extra motion or attend any additional conference beyond that which was necessary to adjudicate the default. In fact, it is telling that Plaintiff *does not* seek the imposition of monetary sanctions against Defendant for any of this.

8

mistake in a filing, especially if corrected, is not sanctionable. *Rozz,* 2021 WL 4463619 at * 2. Nor should Defense Counsel be sanctioned merely because Court denied Defendants' argument about a judgment for the amounts outstanding.

Lastly Plaintiff seeks to sanction Defense Counsel for his comment in Court prior to the Court going into session. Though this conduct did not concern the judgment, it was unprofessional and inexcusable. Defense Counsel apologized to Mr. Palitz and the Court for same. Solomon Dec. ¶¶ 21-22. While the comment was inappropriate, Counsel respectfully submits that sanctions are not warranted for this comment. *See Alexander Interactive, Inc. v. Adorama, Inc.,* No. 12-cv-6608, 2014 WL 2968528, at *3 (S.D.N.Y. Jun. 26, 2014) (declining to impose sanctions for the use of intemperate language); *Revson,* 221 F.3d at 79-80 (no sanctions where an attorney threatened to subject a lawyer to "the legal equivalent of a proctology exam.").

### C. **Plaintiff Does not Seek to Sanction Defendants it seeks Defense Counsel to Pay the Judgement.**

In its March 6, 2023 Order, the Court stated that the Motion must be "clear as to the reason why it is being made, the basis upon which it is being made, and who it is made against." Despite this edict, the Motion seeks *no monetary sanctions* against Defendants. The Motion's prayer for relief only asks the Court to "compel discovery" of Defendants' financial records. *See Dkt. # 59* at pg. 10. That relief should be denied because Plaintiff has failed to follow the execution procedures under Fed. R. Civ. P. 69.

Instead, the Motion is focused on a personal attack on Defense Counsel. Plaintiff argues that if Defendants cannot pay a $600,000 judgment, then Defense Counsel should though the imposition of "further damages." Defense Counsel is merely labor an employment counsel for Defendants, and do not act in any other capacity. Defense Counsel is not a party to the Agreement and is not liable for the settlement amount.

### D. Plaintiff's Counsel is not Entitled to any Attorneys' Fees

Because no sanctions are warranted, a discussion about Plaintiff's overblown application for attorneys' fees is unnecessary. In any event, the availability of attorneys' fees "is not a license for either undisciplined prosecution of a case or unfettered billing practices." *See,. e.g., Hines v. 1025 Fifth Ave. Inc.*, No. 14-CV-3661 SAS, 2015 WL 4006126, at *7 (S.D.N.Y. June 30, 2015). Likewise, fees should be reduced if a lawyer performs "non-attorney" tasks. *See, e.g.*, *Singh v. A & A Mkt. Plaza, Inc.*, No. CV 15-7396 (AKT), 2019 WL 4861882, at *10 (E.D.N.Y. Sept. 30, 2019). Moreover, in determining "the number of hours that were reasonably expended on the litigation, the court has discretion to "trim fat"" by reducing the award. *Singh v. Meadow Hill Mobile, Inc.*, No. 20CIV3853CSAEK, 2021 WL 3862665, at *17 (S.D.N.Y. Aug. 29, 2021). There is ample evidence of improper performance of non-legal tasks (i.e. Camar Jones billing .8 for "preparing a Notice of Filing of a proof of service" on September 21, 2022), and duplication of work (i.e. October 24, 2022). As well, the time spent by Plaintiff on this case was gross. 67 hours alone were allegedly spent briefing the Motion over and over and over again. It also appears that 5.7 hours was spent just talking about it.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an Order denying the Motion in all respects and awarding Defendants such other and further relief as this Court deems just and proper.

10

Dated: Woodbury, New York
       April 5, 2023

KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
Michael Kaufman, Esq.
Aaron N. Solomon, Esq.
*Attorneys for Defendant*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100